


FILED

May 09 2025, 9:11 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Court of Appeals of Indiana

Timothy Malott,

*Appellant-Plaintiff*

v.

Steven C. Snyder,

*Appellee-Defendant*

May 9, 2025

Court of Appeals Case No.
24A-SC-2534

Appeal from the LaPorte Superior Court

The Honorable John A. Link, Magistrate

Trial Court Cause No.
46D04-2402-SC-146

**Vaidik, Judge.**

[1] Attorney Steven C. Snyder represented Timothy Malott in a criminal case. After a jury trial, Malott was convicted of Level 4 felony operating while intoxicated with a prior conviction causing death, and he was sentenced to ten years in the Department of Correction. *See Malott v. State*, No. 19A-CR-2620 (Ind. Ct. App. May 19, 2020). While serving his sentence, Malott sued Snyder in small-claims court, claiming they agreed to a total fee of $6,000 but that Snyder, after being paid that sum, deceptively requested and received an additional $2,000 from Malott's sister. In his answer, Snyder denied Malott's allegations and asserted that, even if they were true, Malott lacked standing to bring his claim. After the parties submitted their affidavits and evidence, the small-claims court entered judgment for Snyder without explanation.

[2] Malott now appeals. Snyder didn't file an appellee's brief, so Malott need only make a prima facie showing of error. *Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1068 (Ind. 2006). He hasn't done so. His argument focuses entirely on whether Snyder deceived Malott's sister out of $2,000. He says nothing about the threshold issue Snyder raised below—whether Malott had standing to bring his claim. He clearly did not. To have standing to sue, a plaintiff must show that he "has suffered or is in immediate danger of suffering a direct injury as a

result of the complained-of conduct." *Hoosier Contractors, LLC v. Gardner*, 212 N.E.3d 1234, 1238 (Ind. 2023) (cleaned up), *reh'g denied*. Malott doesn't claim that he has suffered or will suffer any injury as a result of Snyder allegedly deceiving Malott's sister. So even if Snyder did what Malott alleges (which Snyder **vehemently** denied in his affidavit), Malott lacked standing to complain about the injury to his sister. Therefore, we affirm the small-claims court's judgment for Snyder.

Affirmed.

DeBoer, J., concurs.

Bailey, J., concurs in result with separate opinion.

APPELLANT, PRO SE
Timothy Malott
Michigan City, Indiana

**Bailey, Judge, concurring in result.**

[4] I concur with the majority that Malott lacked standing to complain about the injury to his sister. However, I write separately to address the majority's use of "cleaned up" to indicate that changes had been made to a quotation from *Hoosier Contractors, LLC*. Because I do not agree with the use of this phrase, I concur only in the result.

[5] While it is argued that the use of "cleaned up" provides clarity and simplicity, I believe that it does just the opposite. In my opinion, the use of these words could be viewed as a somewhat dismissive and unprincipled practice. Properly describing the changes we make to a cited opinion in a parenthetical enhances the opinion and serves multiple purposes.

[6] First, it provides the reader with full transparency as to exactly what changes have been made. Second, and related, it allows the reader to trust but verify that we have not misread or misinterpreted the case law we have cited. And, finally, it gives attribution to the people whose ideas we have relied upon and demonstrates that we have not plagiarized someone else's work, misstated their holdings, or made unsupported statements of law. Case history is an aspect of our precedential jurisprudence. Ignoring these rules undercuts confidence in our opinions.

[7] Moreover, Indiana's judiciary has built a strong and positive reputation among our sister jurisdictions based upon, among other things, the thoroughness of our written opinions. Yet, when we use colloquial terms as a substitute for those

delineated in the rules, we risk the stature and reputation held by Indiana's judiciary.

It is for these reasons that our rules of appellate procedure and rules of citation require that we explain in the case history any changes that we make. Indeed, Indiana Appellate Rule 22 states that, "[u]nless otherwise provided, a current edition of a Uniform Systems of Citation (Bluebook) or Association of Legal Writing Directors (ALWD) Guide to Legal Citation must be followed." That rule is clear: we must follow the rules as prescribed by either the Bluebook or the ALWD.

Rule 5.2(i) of the Bluebook provides:

> Use a parenthetical clause after the citation to indicate when the source quoted contains any addition of emphasis, alteration to the original in the quoted text, or any omission of citations, emphasis or footnote call numbers. When a citation requires multiple parentheticals, place them in the order indicated in rule 1.5(b)[.]

THE BLUEBOOK: A UNIFORM SYSTEM OF CITATION 84 (Columbia L. Rev. Ass'n et al. eds., 21st ed. 2020). And Rule 1.5(b) states: "When a citation requires multiple parentheticals, place them in the following order:

> (date) (degree-granting institution) (ProQuest) [hereinafter short name] (en banc) (Lastname, J., concurring) (plurality opinion) (per curium) (alteration in original) (emphasis added) (footnote omitted) (citations omitted) (quoting another source) (citing another source), http://www.domainname.com (last visited) (explanatory parenthetical), prior or subsequent history.

*Id*. at 66.

Similarly, ALWD Rule 39 addresses instances when a writer needs to alter a quotation and directs the writer to include a parenthetical after a quotation. And the Sidebar to Rule 37.2(b) states:

> Parentheticals are common elements in legal citations. For example, most source citations contain a date parenthetical; citations to minority opinions parenthetically indicate their authors; and omissions to quotations are often noted parenthetically. Use this guide to order multiple parentheticals within a citation:
>
> - court/date and other date/publication parenthetical;
> - [hereinafter *shortened reference*];
> - en banc opinion;
> - dissenting or concurring opinion;
> - plurality opinion;
> - per curiam or memorandum opinion;
> - alteration, including added emphasis;
> - omission of footnote;
> - omission of citation;
> - quotation or citation from other source;
> - URL, if any;
> - any other explanatory parenthetical;
> - prior or subsequent history.

Carolyn V. Williams, ALWD, *ALWD Guide to Legal Citation* 386 (7th ed. 2021).

[11]     Both of these rules are clear, and they do not allow for the use of "cleaned up" to avoid multiple parentheticals.[1] While it may be onerous to follow those rules, we, as an intermediate court, must nonetheless follow those clear directives until either the Bluebook or ALWD allows "cleaned up" as an option or our Supreme Court amends Appellate Rule 22 to provide an exception to following the rules within those manuals. Additionally, because the phrase "cleaned up" has not been adopted by either our Appellate Rules or the citation manuals, there are no clear instructions as to when or how to use the phrase. As such, it is ill-defined and used inconsistently, and it leaves the reader to guess what

---

[1] The Bluebook is silent as to "cleaned up"; however, the ALWD acknowledges that "cleaned up" has been used. In Sidebar 39.1, the ALWD provides:

> A few scholars have advocated for "cleaning up quotations" by omitting the brackets and ellipses that indicate where a writer has altered quotations and instead indicating those changes by adding the parenthetical "(cleaned up)" at the end of the citation. A writer cleaning up citations could also omit internal quotation marks, internal footnotes, and internal citations from quotations without acknowledging those deletions except with the same parenthetical. It allows a writer to make non-substantive changes to the quotation such as changing the case of a letter without, in the proponents' view, cluttering the text with marks that detract from the message of the quote. For a thorough explanation and proposed legal citation rules for the "(cleaned up)" parenthetical, see Jack Metzler, *Cleaning Up Quotations*, 18 J. App. Prac. & Process 143 (2017).

> As attractive as this idea may be for students, professors may disagree. Always check with your professor—and in practice with your supervising attorney or judge—before "cleaning up" quotations in your writing. Although some judges have embraced it, and the Supreme Court has used it on at least one occasion (see *Brownback v. King*, No. 19-546, slip op. at 6 (U.S. February 25, 2021), https://www.supremecourt.gov/opinions/20pdf/19-546_7mip.pdf), it is far from standard practice. Never use a "(cleaned up)" parenthetical in academic writing. And when merely suspecting it would cause you to use [sic] credibility with your audience, always indicate alterations in a quote using **Rule 39**.

*Id*. at 406.

changes have been made and the writer with latitude to omit aspects of the case history in the name of clarity and simplicity.

[12] It is for all of these reasons that I cannot agree with the majority's use of "cleaned up" in a citation. As a result, I concur only as to the result.